UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE BANK OF NEW YORK MELLON,
as successor in interest to JP Morgan
Chase Bank, N.A., as trustee for Centex
Home Equity Loan Trust 2005-B

    Plaintiff,

v.                                                    Case No:   2:17-cv-65-FtM-38CM

JOHN H. FARO, MARUCHI FARO,
UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY
INTERNAL REVENUE SERVICE,
MERANO AT THE COLONY
CONDOMINIUM ASSOCIATION,
INC., UNKNOWN TENANT '35; 1
and UNKNOWN TENANT '35; 2,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

    This matter comes before the Court on Defendant John H. Faro's ("Faro") Response to Order to Show Cause (Doc. 11) filed on February 15, 2017.

### **BACKGROUND**

    On January 10, 2017, Plaintiff Bank of New York Mellon f/k/a The Bank of New York brought a mortgage foreclosure action against Faro and five other defendants in the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. 4). Shortly thereafter, Faro timely removed this matter, citing federal question as the basis for subject matter jurisdiction. (Doc. 1). Upon *sua sponte* review of the file, the Court ordered Faro to show cause (Doc. 5) why the Court has jurisdiction under 28 U.S.C. § 1331. In response, Faro claims the court has subject matter jurisdiction due to the governing law provision in the mortgage. (Doc. 11). In essence, Faro maintains that removal is proper as Plaintiff's "obligations and rights under the mortgage" are "governed by [f]ederal law and by [s]tate law, to the extent not inconsistent with [f]ederal law." (Doc. 1). The Court disagrees and remands this case to state court.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction…which is not to be expanded upon by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Removal permits a defendant to relocate a case from the state trial court to the federal district court. *See* 28 U.S.C. §§ 1441; 1446. A party seeking removal must show that the court has subject matter jurisdiction through diversity or that a federal question exists. *See* 28 U.S.C. §§ 1331-1332. The burden to plead jurisdiction falls on the defendant in a removal action. *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990). "The burden of the removing party is a 'heavy one.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

A federal court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In determining whether removal is proper, the court must determine whether "the case [is] fit for federal adjudication at the time the removal petition

was filed." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62, 117 S. Ct. 467, 470, 136 L. Ed. 2d 437 (1996). District courts can hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 28 (1983). Generally, removal is improper when based on a federal defense. *See Caterpillar In. v. Williams*, 482 U.S. 386, 393 (1987). Furthermore, removal statutes must be strictly construed and any doubts resolved in favor of remand. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

## DISCUSSION

Plaintiff's one-count complaint is a straight forward mortgage foreclosure action. (Doc. 4 at 4). Faro's arguments for removal center upon the mortgage's governing law provision that asserts federal law and state law regulate the parties' obligations and rights. Faro stresses that the substantive law governing the parties' obligations include the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"). (Doc. 11). Yet, there is no mention of these statutes in Plaintiff's complaint. (Doc. 4 at 4). Faro provided no case law or analysis, outside of the conclusory statement that the substantive law is governed by RESPA and TILA, that federal law creates the cause of action or resolution of the action depends on a substantial question of federal law. The Court disagrees with the notion that a mortgage's governing law provision, which does not require federal law govern alone, is enough to establish subject matter jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 23). Based on the Court's review, Plaintiff does not cite or rely upon any federal law in the complaint except for referencing the Bankruptcy Code in

the *ad damnum* clause. For those reasons, this case must be remanded to state court. *See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998)* (citations omitted).

Accordingly, it is now **ORDERED:**

(1) This case is **REMANDED** to the Twentieth Judicial Circuit Court in and for Lee County, Florida.

(2) The Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(3) The Clerk is further **DIRECTED** to terminate any pending motions and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of February 2017.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record